THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTINA McDONALD, and<br>SUSAN SHIROCK DePAOLA,<br>Trustee in Bankruptcy and Not<br>Individually,<br><br>    Plaintiffs,<br><br>v.<br><br>H & S HOMES, LLC; HORTON HOMES<br>INC.; HORTON INDUSTRIES, INC.;<br>N. DUDLEY HORTON, JR.; STEVE M.<br>SINCLAIR; BEST VALUE HOUSING, INC.;<br>and HORTON-AMERICAN PROPERTIES,<br>LLC.<br><br>    Defendants. | Civil Action<br>No. 5:08-cv-298(CAR) |

**ORDER ON MOTION TO VACATE ORDER OF JOINDER
AND MOTION TO SUBSTITUTE PARTIES**

On February 18, 2009, the original Plaintiff in this case, Christina McDonald ("McDonald"), filed a Chapter Seven bankruptcy petition in the United States Bankruptcy Court for the Middle District of Alabama. Susan Shirock DePaola ("the Trustee") was appointed Trustee of McDonald's bankruptcy estate. On May 5, 2009, McDonald moved to join the Trustee as a party to the case, pursuant to Rule 19 of the Federal Rules of Civil Procedure. Without waiting for a response from the Defendants, the Court granted the Trustee's motion by text order ("the Order") on May 12, 2009. On May 14, Defendants H&S Homes, LLC, Best Value Housing, Inc., and Horton-American Properties, LLC, ("Defendants") entered a response objecting to the Trustee's motion. Defendants moved the Court to vacate the Order and to enter a new order substituting the Trustee and removing

1

McDonald as the named Plaintiff.  These motions are now before the Court.  After reconsidering the Order in light of Defendants' arguments, the Court stands by its original decision.  The interests of the parties are best served in this case by joining the Trustee as co-plaintiff rather than by substituting the Trustee as the sole party in interest.

The decision to substitute or join the Trustee in this case is a discretionary matter.  The Federal Rules require that a civil action be prosecuted in the name of the real party in interest.  Fed.R.Civ.P. 17(a)(1).  In cases such as this one, where the original plaintiff files a bankruptcy petition after the initiation of her suit, the trustee of the bankruptcy estate becomes the real party in interest.  See Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1292 (11th Cir. 2003).  Rule 17 requires courts to allow the real party in interest to "ratify, join, **or** be substituted into the action."  Fed.R.Civ.P. 17(a)(3)(emphasis added).  Rule 25 provides that in the case of a transfer of interest during the pendency of an action, "the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Fed.R.Civ.P. 25(d); see also, Barger, 348 F.3d at 1292-93.  Both Rule 17 and Rule 25 allow for substitution or joinder.  The distinction is essentially technical and committed to the discretion of the court.  See Steger v. General Electric Co., 318 F.3d 1066, 1080 (11th Cir. 2003).

In this case, the Court chooses to exercise its discretion in favor of joinder rather than substitution. It is appropriate to maintain McDonald as a named plaintiff in the case. All parties are aware and accept that the Trustee is currently the real party in interest and has final authority over the litigation of McDonald's claims in the case.  McDonald is not a non-entity, however.  This case is an attempt to collect a judgment that McDonald obtained after years of arduous litigation.  The Trustee may now be the real party in interest as a matter of law, but this is still essentially

2

McDonald's case, and the ultimate interest is hers.  The Trustee herself asked to be joined rather than substituted, and has continued to retain McDonald's attorneys to litigate the case.  In the event that the Trustee is able to wind up the affairs of the bankruptcy estate prior to the conclusion of this litigation, McDonald will continue as the real party in interest.  Defendants, meanwhile, will not be prejudiced by having McDonald's name remain in the caption of the case while the Trustee has control over the action.  Accordingly, the Motion to Vacate (Doc. 51) and the Motion to Substitute (Doc. 50) are hereby **DENIED**.

It is SO ORDERED this 21st day of July, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

chw/ak